DMP:FJN
F.#2020R00621

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

JEREMY TRAPP,

           Defendant.

C O M P L A I N T   A N D
A F F I D A V I T

(18 U.S.C. § 1343, 2)

No. 20-MJ-915

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

      SARAH B. BERNAL, being duly sworn, deposes and states that she is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

      In or about between June 2020 and July 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JEREMY TRAPP, together with others, did knowingly and intentionally devise a scheme and artifice to defraud the Small Business Administration, and to obtain money and property from the Small Business Administration by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds.

      (Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Special Agent with the FBI for approximately three years. As a Special Agent, I have investigated numerous matters during the course of which I have conducted physical and electronic surveillance, interviewed witnesses, executed court-authorized search warrants and used other investigative techniques to secure relevant information regarding a variety of crimes. I am familiar with the facts and circumstances set forth below from my personal review of records, documents and other physical evidence obtained during this investigation, and from communications and information provided to me by fellow agents and other government personnel with knowledge related to this investigation.

2. The Small Business Administration ("SBA") is a federal agency of the Executive Branch that administers assistance to small businesses in the United States. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted on or about March 27, 2020 designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. The Economic Injury Disaster Loan ("EIDL") Program is a loan program administered by the SBA.

3. The CARES Act expanded the EIDL Program, which provides small businesses with low-interest loans of up to two million dollars as economic support to help

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

offset the temporary loss of revenue experienced by businesses due to the COVID-19 pandemic.  To qualify for an EIDL under the CARES Act, an applicant must have suffered "substantial economic injury" from COVID-19, based upon a company's actual economic injury determined by the SBA.  EIDL funds may be used for payroll and other costs as well as to cover increased costs due to supply chain interruption, to pay obligations that cannot be met due to revenue loss, and for other similar uses.  The CARES Act also permits applicants to request an advance of up $10,000 to pay allowable working capital needs, which is expected to be paid by the SBA within three days of submission of an EIDL application, provided the application contains a self-certification under penalty of perjury of the applicant's eligibility for an EIDL.  The SBA directly makes loans to applicants under the EIDL Program.

    4. On or about July 17, 2020, officers with the New York City Police Department ("NYPD") arrested the defendant JEREMY TRAPP on New York State criminal charges after TRAPP crawled under a marked NYPD vehicle parked in Brooklyn, New York and cut a brake line on the vehicle.  At the time of his state arrest, TRAPP had a cellular telephone (the "Trapp Cell Phone") in his possession.

    5. On or about July 24, 2020, the Honorable Vera M. Scanlon, United States Magistrate Judge for the Eastern District of New York, signed a search warrant authorizing a search of the Trapp Cell Phone for, among other things, evidence relating to TRAPP's attack on the NYPD vehicle and his plans to carry out attacks against other property.

    6. On or about August 4, 2020, the Honorable Steven M. Gold, United States Magistrate Judge for the Eastern District of New York, signed a federal criminal

complaint and arrest warrant against the defendant JEREMY TRAPP charging him with a violation of Title 18, United States Code, Section 33, for cutting a brake line on the NYPD vehicle.  See 20-M-626.  On or about August 5, 2020, FBI agents arrested TRAPP on the federal charges at his home in Brooklyn, New York (the "Trapp Residence") and he has remained in custody since that date.

7. In searching the Trapp Cell Phone pursuant to the warrant signed by Judge Scanlon, the reviewing agents came upon information in plain view indicating that the defendant JEREMY TRAPP was engaged in fraud associated with the EIDL Program. Specifically, screenshots (i.e. photographs) in the Trapp Cell Phone indicated that TRAPP had applied for a loan through the EIDL Program.  The purported purpose of the loan was to pay employees of TRAPP's car wash business, which he claimed was located at the Trapp Residence.  When the FBI arrested TRAPP at the Trapp Residence on August 5, 2020, there was no evidence that a car wash business was located (or had ever been located) at that residential location.

8. Based on the information found in the Trapp Cell Phone, the FBI contacted the SBA to investigate whether the defendant JEREMY TRAPP had, in fact, applied for EIDL funds.  The SBA has informed the FBI that on or about June 18, 2020, TRAPP applied for an EIDL for his purported car wash business.  The EIDL application was submitted through an online portal from an IP address located in Brooklyn, New York and the application was received and processed at a location outside the State of New York.

9. In the EIDL application, the defendant JEREMY TRAPP represented, in substance and in part, that he was the sole proprietor of a car wash business that opened for business on or about April 4, 2018.  TRAPP further stated in the application that his car

wash business had 10 employees and gross revenues of $150,000 for the 12 months prior to the COVID-19 pandemic. The address listed in the application for the car wash business was the Trapp Residence.

10. On or about June 27, 2020, the SBA authorized a $42,500 loan to the defendant JEREMY TRAPP. The same day, TRAPP signed a Loan Authorization and Agreement with the SBA in which he certified, among other things, the following: "All representations in the Borrower's Loan application (including all supplementary submissions) are true, correct, and complete and are offered to induce SBA to make this Loan." TRAPP submitted the signed Loan Authorization and Agreement to the SBA electronically.

11. On or about June 22, 2020, the defendant JEREMY TRAPP opened a personal checking account with Bank-1, a financial institution known to me. On or about June 30, 2020, TRAPP received a $42,400 wire transfer constituting the SBA loan from the United States Treasury. These funds were deposited into TRAPP's newly opened bank account at Bank-1.

12. On or about July 7, 2020, the defendant JEREMY TRAPP also received a $10,000 wire transfer constituting the EIDL advance from the United States Treasury. These funds were also deposited into TRAPP's bank account at Bank-1.

13. The FBI investigation has revealed that the defendant JEREMY TRAPP never operated a commercial car wash business, let alone one that employed 10 persons or had gross revenues of $150,000.

14. On or about September 10, 2020, FBI agents interviewed the defendant JEREMY TRAPP's mother at the Trapp Residence, which is also her primary residence.

TRAPP's mother confirmed that TRAPP has never operated a commercial car wash business out of the Trapp Residence and that no such business has ever been located there. The FBI's own review of the Trapp Residence confirmed that a commercial car wash business could not reasonably be located in an apartment in a multi-unit residential building. TRAPP's mother further stated that TRAPP has never employed 10 employees at the Trapp Residence in any capacity.

15. Records and video recordings obtained from Bank-1 indicate that on or about July 13, 2020, a few days after the defendant JEREMY TRAPP received his EIDL funds, TRAPP went to a Bank-1 branch in Manhattan and withdrew approximately $9,000 in cash, leaving a balance of approximately $42,000 in the account.

WHEREFORE, your deponent respectfully requests that the defendant JEREMY TRAPP be dealt with according to law.

/s/ Sarah B. Bernal
SARAH B. BERNAL
Special Agent, Federal Bureau of Investigation

Sworn to before me by telephone this
6th day of October, 2020

_____
THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK